IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01892-WYD

| | |
|---|---|
| IN RE: RICKY DONOVAN VAN VLEET d/b/a FIRST FINANCIAL CENTRE, INC., SSN: xxx-xx-9158 | Bankruptcy Case No.  06-17238-SBB |
| Debtor. | Adv. Proceeding No.  08-01724-SBB |

TOM H. CONNOLLY, Chapter 11 Trustee,

    Plaintiff,

v.

ERIK G. FISCHER,

    Defendant.

## ORDER

THIS MATTER comes before the Court on the Defendant Erik Fischer's Renewed Motion to Transfer (docket #1), filed August 10, 2009, which I construe as a motion to withdraw the reference.  Defendant's motion was transmitted from the Bankruptcy Court and assigned to me on August 10, 2009.  Defendant seeks withdrawal of the Complaint, which asserts five claims for fraudulent transfer.

By way of background, the Trustee filed the Complaint on October 10, 2008.  In his answer, the Defendant requested both a jury trial and a transfer of the case to the district court.  On January 16, 2009, the Bankruptcy Court issued an order stating that "the Court shall not consider the demand for a trial by jury until the matter is properly before the Court by the filing of a motion seeking withdrawal of the reference."

(Bankruptcy Court's Order on Jury Demand at 2.)  Thus, on June 13, 2009, Defendant filed the pending motion to withdraw the reference.  Plaintiff opposes the motion, arguing that because the Defendant's motion was filed nearly six months after the Bankruptcy Court's January 16, 2008 order, Defendant waived his right to a jury trial.  I disagree and find that the motion should be granted.

A district court must "on timely motion of a party" withdraw a proceeding otherwise referred to the bankruptcy court if resolution of the case "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).

First, I find that Defendant did not waive his right to a jury trial and that his motion is timely.  See In re Latimer, 918 F.2d 136, 137 (10th Cir. 1990) (holding that parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court).  Here, Defendant first requested a jury trial and a transfer to the district court in his answer to the Complaint.  Then, once the Bankruptcy Court instructed the Defendant to file a proper motion, Defendant did so.  While Defendant did not file his renewed motion until six months after the Bankruptcy Court's order, I do not find that the delay made the motion untimely.  See Nielsen v. Miller, 125 Fed. Appx. 227, 229 (10th Cir. 2005) (holding that a motion filed eighteen years after bankruptcy proceedings are instituted is untimely).  Based on my review of the underlying proceedings, the matter has not progressed past the discovery phase, and the trial is not scheduled for several months.  Thus, I do not believe that granting Defendant's motion to withdraw the reference would prejudice the Plaintiff or cause undue delay to

the proceedings.

Second, I find that the reference should be withdrawn because the Defendant has a seventh amendment right to a jury trial when sued by a trustee to recover alleged fraudulent conveyances of property.  *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 64 (1989).  Accordingly, it is

ORDERED that Defendant's Renewed Motion to Transfer (docket #1), which I construe as a motion to withdraw the reference, is **GRANTED.**  It is

FURTHER ORDERED that this matter is **REMANDED** to the Bankruptcy Court for that court to consider and determine all pre-trial issues.  It is

FURTHER ORDERED that once discovery and other pre-trial phases of the case (including approval of the final pre-trial order) are completed, I will schedule and conduct a jury trial on the merits.

Dated:  September 29, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge